Green, J.
delivered the opinion of the court.
This suit was commenced before a justice of the peace, and was brought into the circuit court by certiorari.
The petition states that in the year 1833 or 1834, the petitioner William Latham, was sued before a justice of the peace of Henderson county, by Temple Spivy on a note $46 06i due 10th Jannary, 1825, which purported to have been executed by the petitioner to said Spivy. Upon the plea of non est factum, the justice gave judgment against the plaintiff for costs.. Spivy then withdrew the note and sued the defendant before another justice, who, on the same plea, gave a similar judgment. The plaintiff withdrew the note again and sued the defendant thereon a third time, before another justice, when the defendant failing to attend and plead, a judgment was rendered against him, from which an appeal was prayed and granted; but the papers were not returned to court. The matter was permitted to remain in this condition until thirty or forty days before the petition was filed, when a sci. *704 fa. was served upon him to revive the judgment. The petitioner avers he did not execute the note. The note and warrant were returned into court in obedience to the certiorari, and it not appearing from the papers returned by the justice of the peace, that Latham had appealed, as stated in his petition, a motion was made to dismiss the certiorari. The court refused to dismiss, and proceeded to try the cause, and the jury found a verdict for the defendant. The plaintiff appealed to this courtj and now insists that his Honor erred in refusing to dismiss the certiorari. It is not questioned but that the facts stated in the petition, constituted ample grounds for awarding the certiorari', but it is contended, that the papers returned .by the justice, disprove a material fact stated in the petition without which it cannot be sustained, namely, that an appeal was prayed from the judgment of the justice and granted.
We do not think this fact is disproved by the papers returned. It is true, it does not appear from the papers that an appeal was prayed; but the absence of this evidence does not. establish the negative of that proposition. It is not necessary for a party who brings a case into the circuit court by certiorari, to prove the facts stated in his petition, in order to entitle him to a trial-in that court. It is true, if the papers in the cause establish the negative of material facts stated in the petition, it will be sufficient ground to dismiss the certiorari, but in the absence of such negative proof, the facts stated in the petition are taken as true, for the purpose of bringing the case into court, and enabling the petitioner to have a trial there, on the merits. 'In this case, there is a mere absence of proof of the facts stated; the negative does not appear. Indeed the long period since the rendition of the judgment by the justice, (from September, 1834, the date of the judgment, to October, 1846, when the sci. fa. to revive was issued) constitutes persuasive evidence that the fact stated in the petition is true. In the loose man- *705 nerin which some of the justices keep their papers; and the transfer of their papers, probably several times, to the successors, the appeal bond may have been lost or mislaid. It is hardly probable that the plaintiff would have permitted it to lie without any step being taken, so long, if he had not considered that there was some obstruction in the way. We think therefore, his Honor committed no error in refusing to dismiss the certiorari. Affirm the judgment.
Note. — It does not appear from the record who appeared in tho above case.